[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS
In a complaint dated November 30, 1999, the plaintiff, Donald Lawlor, Jr., brought this action against the defendant, Hudson United Bank, a New Jersey corporation. The plaintiff alleges that due to the defendant's negligence, he slipped and fell at a branch of the defendant's bank located in Westport, Connecticut, and as a result, sustained injuries.[1]
On December 2, 1999, the deputy sheriff of Fairfield County mailed a copy of the writ, summons and complaint to the defendant's secretary at the CT Page 10523 defendant's New Jersey address. The defendant received the process in New Jersey on December 6, 1999. On April 24, 2000, the defendant moved to dismiss the plaintiff's action on the ground that pursuant to General Statutes § 33-929(b), the plaintiff failed to properly effectuate service of process on the defendant.
A motion to dismiss is the proper method by which to contest service of process as insufficient. Practice Book § 10-31(a). "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer,218 Conn. 531, 544, 590 A.2d 914 (1991). "The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone." (Internal quotation marks omitted.)Barde v. Board of Trustees, 207 Conn. 59, 62, 593 A.2d 1000 (1988); see also Hospitality Systems, Inc. v. Oriental World Trading Co. Ltd., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 169927 (February 1, 2000, Karazin, J.).
The defendant contends that it is a foreign corporation registered to do business in Connecticut and that it has an agent designated to receive service of process in Connecticut, as well as officers of the corporation within the state who may accept service of process. The defendant argues, therefore, that pursuant to General Statutes § 33-929(b),[2]
the plaintiff was required to serve the defendant's Connecticut based agent and failed to do so. Consequently, the defendant concludes that the plaintiff's service of process is fatally defective and the defendant's motion to dismiss must be granted. The plaintiff responds that the defendant is construing General Statutes § 33-929(b) too narrowly and points to General Statutes § 33-929(h)[3] in order to demonstrate that the appointment of an agent for service is not necessarily the exclusive method by which to properly effectuate service of process. Moreover, the plaintiff argues that the purpose of serving process on a defendant is to give notice. The plaintiff contends that as the defendant's agent for service filed an appearance on behalf of the defendant, the defendant received notice, service was effectuated and the defendant waived its right to challenge it.
First, the court will address whether the defendant waived his right to challenge service of process because it filed an appearance. "[T]he filing of an appearance on behalf of a party, in and of itself, does not waive that party's personal jurisdiction claims. Nevertheless, any defendant, wishing to contest the court's jurisdiction, may do so even after having entered a general appearance, but must do so by filing a motion to dismiss within thirty days of the filing of an appearance. . . . CT Page 10524The rule specifically and unambiguously provides that any claim of lackof jurisdiction over the person as a result of an insufficiency ofservice of process is waived unless it is raised by a motion to dismissfiled within thirty days. . . . Thus, thirty-one days after the filing of an appearance or the failure to adhere to the requisite sequence, a party is deemed to have submitted to the jurisdiction of the court. Any claim of insufficiency of process is waived if not sooner raised." (Citations omitted; emphasis added; internal quotation marks omitted.) Pitchell v.City of Hartford, 247 Conn. 422, 432-33, 722 A.2d 797 (1999).
In the present case, on March 23, 2000, Ronald C. Palumbo (Palumbo), the defendant's designated agent for receiving service of process in Connecticut, filed an appearance on behalf of the defendant. On May 1, 2000, Palumbo moved to withdraw his appearance, however, and this motion was granted by the court, Mintz, J., on February 20, 2001. On April 13, 2000, Joseph A. La Bella (La Bella) filed an appearance on behalf of the defendant. The motion to dismiss was filed by LaBella on April 24, 2000. The court finds, however, that despite Palumbo's withdrawal in this action, he filed the original appearance and subsequently, did not file a motion to dismiss within thirty days. The court finds, therefore, that the defendant waived his right to challenge the sufficiency of the plaintiff's service of process. See Aetna Casualty Surety Co. v.Rodgers, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 501937 (March 16, 1992, Schaller, J.) (court denied defendant's motion to dismiss as claim of insufficiency of service of process considered waived because motion filed more than thirty days after filing of appearance). Consequently, the court need not examine the defendant's arguments in support of his motion. Accordingly, the defendant's motion to dismiss is denied.
So Ordered.
D'ANDREA, JTR